UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CHUKWUMA E. AZUBUKO          :
                             :
         v.                  :     C.A. No. 12-165ML
                             :
MAGISTRATE JUDGE             :
JAMES R. MUIRHEAD, et. al.   :

### REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

### Background

Before this Court is pro se and in forma pauperis Plaintiff's Complaint against two judges and two employees of the United States District Court for the District of New Hampshire in their individual and official capacities. Plaintiff names the United States of America, Magistrate Judge James R. Muirhead, United States District Judge Paul Barbadoro, Clerk of the Court James R. Starr, and Deputy Clerk of the Court Daniel J. Lynch, as Defendants. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. The matter is before the Court for preliminary review to determine, inter alia, whether the Complaint states a claim upon which relief might be granted. See LR 4.3(d)(1)(B)(i). Because the Court finds that this case is frivolous and there is no basis upon which relief might be granted, I recommend that the action be dismissed.

### Facts

Plaintiff filed his Complaint in the United States District Court for the Southern District of Florida on August 10, 2011. (Document No. 1). It was transferred to the District of New Hampshire on April 27, 2012. (Document No. 5). Plaintiff is a prolific pro se litigant who is

subject to an injunction in this District which enjoins him from filing any new claims without leave of court. (C.A. No. 06-266, Document No. 7; C.A. No. 06-267, Document No. 6).

Although Plaintiff's Complaint is somewhat indecipherable, it appears he is attempting to sue Magistrate Judge Muirhead, District Judge Barbadoro, James R. Starr, Daniel J. Lynch and the United States of America for $80.5 million for the disposition of his claims in <u>Azubuko v. Giorlandino et. al.</u>, C.A. No. 06-267 (D.N.H). In that case, Plaintiff challenged the entry of an Order in Massachusetts Superior Court that banned him from filing any new actions or claims in that court without prior approval. (Document No. 1 at 8). Magistrate Judge Muirhead recommended that the Complaint be dismissed. (C.A. No. 06-267, Document No. 6). District Judge Barbadoro approved the recommendation, and Clerk James R. Starr signed the Judgment. (C.A. No. 06-267, Document Nos. 9, 10). Deputy Clerk of Court Daniel J. Lynch sent correspondence to Plaintiff and endorsed an Order denying his Motion for a Three Judge Court. (C.A. No. 06-267, Document No. 17, Endorsed Order dated July 29, 2011). In the present action, Plaintiff challenges the results in his previous case, and his present claims range from an asserted violation of the Eighth Amendment's prohibition against cruel and unusual punishment, to "lack of skill" and "knowingly deprivation of 'federally protected activities,'" among others. (<u>See</u> <u>e.g.</u>, Document No. 1, pp. 3-6). Plaintiff seeks reinstatement of his access to the Massachusetts Superior Court as well as compensatory damages totaling $80.5 million. <u>Id.</u> p. 7.

**Standard of Review**

Local Rule 4.3(d)(1)(B) directs a magistrate judge to conduct a preliminary review of an action filed <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> to:

> (i) report and recommend to the court that the filing be dismissed because the allegation of poverty is untrue, the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a

>defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); or
>
>(ii) grant the party leave to file an amended filing in accordance with the magistrate judge's directives; or
>
>(iii) pursuant to Fed. R. Civ. P. 4(c)(3), appoint a person to effect service.

In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

**Discussion**

Plaintiff's Complaint essentially seeks damages because he is unhappy with the disposition of his claims in Azubuko v. Giorlandino et. al., C.A. No. 06-267. Such a claim is frivolous. A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's Complaint is also barred by the doctrine of judicial immunity. "A judge is absolutely immune from liability in civil actions arising out of the performance of his judicial functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 n.2 (D.R.I. 1992), quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978). The judicial actions complained of by Plaintiff, the making and enforcing of orders regarding a complaint, are well within the scope of a judge's jurisdiction. Thus, Magistrate Judge Muirhead and District Judge Barbadoro are immune from suit. Further, "[j]udicial immunity extends as well to those who carry out the orders of judges." Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980). Thus, Plaintiff's claims against Clerk of the Court

James R. Starr and Deputy Clerk of the Court Daniel J. Lynch are also barred by the doctrine of judicial immunity.   The final Defendant, the United States of America, is sued as the employer of the other Defendants.  (Document No. 1, p. 3).   The United States enjoys sovereign immunity from suit.   Glaude v. U.S. Army, Dep't of Public Affairs, 2007 WL 3542783, *1-2 (D.N.H. Nov. 14, 2007) (citations omitted). ("The United States, as sovereign, is immune from suit, unless it consents to be sued. Plaintiff must plead a specific statute that both gives rise to her cause of action and contains an explicit waiver of sovereign immunity.")

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Complaint be Dismissed and his Application to Proceed IFP be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.   See Fed. R. Civ. P. 72(b); LR 72.2. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.   See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

　　/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2012